IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-445-JFH |
| WILLIAM TROY CRITES, | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court is the Unopposed Motion to Continue Jury Trial and Toll Associated Deadlines ("Motion") filed by Defendant William Troy Crites ("Defendant"). Dkt. No. 39. Defendant represents the United States of America ("Government") does not oppose the Motion. *Id.* at ¶ 11. For the reasons set forth below, the Motion [Dkt. No. 39] is **denied**.

The Motion falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

A Complaint was filed initiating this matter on September 17, 2021. Dkt. No. 1. The Court has already granted two (2) continuances of the jury trial in this matter. Dkt. Nos. 25, 33. This case is now set for trial before a visiting judge on June 13, 2022. Dkt. No. 37.

In the Motion, Defendant states that additional time is necessary to review discovery and analyze data involving several witnesses, cell phones, and social media accounts. Dkt. No. 39 at ¶ 7. However, the Joint Status Report, filed by the parties on May 6, 2022, represents that as of that date, "information from social media accounts [had] been turned over to the defense" and that "[t]he defense [was] satisfied these efforts will resolve any current discovery concerns."[1] Dkt. No. 38 at 1-2. The Joint Status Report indicates that the discovery concerns which form the basis of Defendant's request to continue the trial were resolved by at least May 6, 2022, allowing Defendant over a month to review, analyze, and prepare for the June 13, 2022 jury trial date.

Defendant further states in his Motion that the additional time is necessary to allow his counsel, who resides in Texas, to travel to Oklahoma to meet and review discovery with Defendant.

---

[1] The Court notes that the Joint Status Report was filed one day late. *See* Dkt. No. 33 at 3.

2

Dkt. No. 39. at ¶ 8.  While the Court is sympathetic of the difficulty of making travel arrangements, the Court reminds the parties that the visiting judge has also made travel arrangements to be present for June 13, 2022 jury trial date.  Additionally, the Court reminds the parties that due to the Court's multi-district caseload, scheduling orders are relatively inflexible.

Finally, in addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that the requested continuance would subvert the public's interest in the prompt prosecution of criminal matters, if granted.  Accordingly, the Court concludes that the ends of justice are not served by granting Defendant's request.

**IT IS THEREFORE ORDERED** that the Unopposed Motion to Continue Jury Trial and Toll Associated Deadlines [Dkt. No. 39] is **DENIED**.

Dated this 19th day of May 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE